OPINION OF THE COURT
John S. Lockman, J.
Respondent moves to reargue an order of this court dated February 2, 1978, in which subpoenae duces tecum directed to petitioners were quashed. (In the Matter of certain Grand Jury Subpoenae Duces Tecum, Feb. 2, 1978, Nassau County Court [Lockman, J.].)
*223 The order in question concluded as follows: "Therefore, petitioners’ motion to quash is granted without prejudice to reissuance of the subpoenae with either more precise and particular description of the records sought or an adequate explanation of respondent’s inability to be more precise and particular.” Respondent has chosen to move to reargue rather than to issue new subpoenae. In support of the application, respondent discusses the accounting function of the records it seeks and how they may establish an "audit trail”. In a supplemental affidavit respondent also alleges that a witness is being produced from Florida who may shed light on petitioners’ bookkeeping practices and possible illegalities.
Respondent’s arguments would be irresistible were it not for the fact, pointed out in the prior decision, that respondent had complete custody and control of all of the records now sought for a period of between one and three months. Despite this opportunity respondent has failed, in light of the "audit trail” which should then have been developed, to more specifically designate the records sought or explain the inability to do so. Respondent still seeks all 12 items covering the full five-year period.
On the other hand, petitioners’ claim of prejudice is less than compelling. Petitioners do not allege that the production of the records sought would be particularly onerous. Moreover, all of the records are at least three years old now and their production should not interfere unduly with the daily operations of the businesses in question.
Respondent has chosen not to explain its failure during the prior period of custody to develop any useful information as to the content of the records again sought. However, petitioners’ claims of prejudice are not such as would justify the court’s strictly limiting the Special Prosecutor to one bite of the apple. Still, petitioners cannot forever be forced to bear the brunt of unsuccessful investigation.
Therefore, the Special Prosecutor’s motion for leave to reargue is granted and, upon the reargument, the court’s prior order is modified as follows:
Petitioners’ motion to quash or modify is granted to the extent that the Special Prosecutor shall arrange for and bear the expense of transporting the records sought and shall retain custody for a period not to exceed one week. (CPL 610.25, subd 2.) In all other respects, the motion is denied.